**LSK&D #: 564-7011 / 915003**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

ANN WALKER,

                              Plaintiff,

              -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

                              Defendant.

----------------------------------------------------------------x

**No. 07 CIV 6235 (WHP)**

**ANSWER**

Defendant METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Lester Schwab Katz & Dwyer, LLP, for its Answer to the Complaint states as follows:

1.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2.      Denies the allegations contained in paragraph "2" of the Complaint, except admits that MetLife is a life insurance company and a corporation organized under the laws of New York State.

3.      Declines to plead because the allegations in paragraph "3" of the Complaint state conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, admits that this Court has jurisdiction.

4.      Declines to plead because the allegations in paragraph "3" of the Complaint state conclusions of law as to which no responsive pleading is required.  To the extent a response is required, admits that jurisdiction is proper in this District.

5.     Declines to plead because the allegations in paragraph "5" of the Complaint state conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, admits that venue is proper in this District.

6.     Denies the allegations contained in paragraph "6" of the Complaint, except admits that, at certain times, plaintiff was employed by Financial Guaranty Insurance Company ("FGIC").

7.     Denies the allegations contained in paragraph "7" of the Complaint, except admits that MetLife issued a group policy of insurance to FGIC to fund benefits under the FGIC Long-Term Disability Benefits Plan (the "Plan").

8.     Admits the allegations contained in paragraph "8" of the Complaint.

9.     Denies the allegations contained in paragraph "9" of the Complaint, except admits that, at certain times, plaintiff was a participant in the Plan.

10.     Denies the allegations contained in paragraph "10" of the Complaint, as stated, except admits that the Plan provides for long-term disability ("LTD") benefits for participants who satisfy the Plan's definitional requirements.

11.     Denies the allegations contained in paragraph "11" of the Complaint, as stated, except admits that MetLife determined that plaintiff was eligible for benefits under the Plan for a disability commencing on or about March 24, 2004.

12.     Denies the allegations contained in paragraph "12" of the Complaint, except admits that the Social Security Administration awarded disability benefits to plaintiff for a disability commencing March 25, 2004.

13.     Denies the allegations contained in paragraph "13" of the Complaint.

14.     Denies the allegations contained in paragraph "14" of the Complaint.

LESTER SCHWAB KATZ & DWYER LLP   •   120 BROADWAY   •   NEW YORK, NY 10271-10071

15.    Denies the allegations contained in paragraph "15" of the Complaint.

16.    Denies the allegations contained in paragraph "16" of the Complaint.

17.    Denies the allegations contained in paragraph "17" of the Complaint, except admits that MetLife paid LTD benefits to plaintiff for the period September 20, 2004 through September 19, 2006.

18.    Denies the allegations contained in paragraph "18" of the Complaint, except admits that the Plan provides that an award of Social Security disability benefits is an offset to LTD benefits.

19.    Denies the allegations contained in paragraph "19" of the Complaint, except admits that, effective September 20, 2006, MetLife terminated plaintiff's LTD benefits.

20.    Denies the allegations contained in paragraph "20" of the Complaint.

21.    Denies the allegations contained in paragraph "21" of the Complaint.

22.    Denies the allegations contained in paragraph "22" of the Complaint.

23.    Denies the allegations contained in paragraph "23" of the Complaint.

24.    Denies the allegations contained in paragraph "24" of the Complaint.

25.    Denies the allegations contained in paragraph "25" of the Complaint.

26.    Denies the allegations contained in paragraph "26" of the Complaint.

27.    Admits the allegations contained in paragraph "27" of the Complaint.

28.    Denies the allegations contained in paragraph "28" of the Complaint.

29.    Denies each and every allegation in the Complaint not specifically admitted herein.

3

## AFFIRMATIVE DEFENSES

30.    Plaintiff's lawsuit should be dismissed because it fails to state a claim upon which relief can be granted.

31.    Plaintiff's lawsuit should be dismissed because MetLife acted reasonably and properly, and on the basis of substantial evidence in the administrative claim record, in adjudicating plaintiff's claim for disability benefits.

32.    Plaintiff's lawsuit should be dismissed because MetLife, a Plan fiduciary, administered plaintiff's claim in accordance with the documents and instruments governing the Plan and in the interest of all Plan participants and beneficiaries.

33.    Plaintiff's recovery of benefits, if any, should be reduced by her receipt of Social Security Disability Income Benefits, and other income benefits, as provided by the Plan.

34.    Plaintiff is not entitled to recovery because she failed to satisfy all conditions precedent to a claim for benefits in that she has, among other things, failed to present sufficient medical evidence demonstrating disability as defined by the Plan.

35.    Plaintiff is not entitled to recovery because she has failed to meet her burden under the terms of the Plan to submit sufficient and satisfactory proof of her alleged disability.

36.    Plaintiff is not entitled to recovery because she has not satisfied her duty to mitigate the damages she alleges she suffered from the denial of her claim by making no efforts or inadequate efforts to obtain alternate employment of which she is functionally capable.

4

37.    Plaintiff's remedies are limited to those afforded by the Employee Retirement Income Security Act of 1974 ("ERISA").

**WHEREFORE**, Defendant MetLife demands judgment against Walker dismissing the Complaint with prejudice, together with its attorneys' fees and the costs and disbursements of this action, and for such other and further relief as the Court shall deem just and proper.

Dated:        New York, New York
              September 10, 2007

                                    Respectfully submitted,

                                    LESTER SCHWAB KATZ & DWYER, LLP

                                    _____
                                    Allan M. Marcus (AM-9027)
                                    120 Broadway
                                    New York, New York  10271
                                    (212) 341-4241
                                    Attorneys for Defendant
                                    Metropolitan Life Insurance Co.

TO:

Jason Newfield, Esq.
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, NY 11530
Attorneys for Plaintiff

LESTER SCHWAB KATZ & DWYER LLP   •   120 BROADWAY   •   NEW YORK, NY 10271-10071